ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**JOMAR AGOSTO NOBLE**<br><br>**DEPARTAMENTO DE SALUD DEL GOBIERNO DE PUERTO RICO**<br><br>Peticionarios | KLCE202301422 | **CERTIORARI**<br>procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Criminal Núm.:<br>**F BD 2020G0112**<br><br>Sobre:<br>Art. 182<br>Apropiación Ilegal Agravada |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de diciembre de 2023.

La parte peticionaria, el Departamento de Salud del Gobierno de Puerto Rico, comparece ante nos, y solicita que revisemos la *Resolución y Orden* dictada el 6 de octubre de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Carolina. Mediante la misma, el TPI ordenó ubicar al señor Jomar Agosto Noble (Agosto Noble) en el Programa de Rehabilitación de la División de Rehabilitación Integral y Vida Independiente Sección de Servicios a Personas Adultas con Discapacidad Intelectual (DRIVI), adscrito al Departamento de Salud.

Por los fundamentos que expresamos a continuación, se deniega la expedición del auto de *certiorari*.

I.

Según surge del expediente, en el 2020, el Ministerio Público instó dos (2) denuncias contra Agosto Noble, imputándole haber violado los Artículos 182 (apropiación ilegal agravada) y 195 (escalamiento agravado) del Código Penal de 2012. En la vista al

amparo de la Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II, R. 6, se determinó causa para arresto. Al no prestar la fianza, fue ingresado a prisión. El 4 de noviembre de 2020, tras celebrarse la vista preliminar, Agosto Noble renunció a esta por lo que se determinó causa probable para acusar. Ese mismo día se expidió una Hoja de Referido a los Salones Especializados en Casos de Sustancias Controladas "Drug Court" y sus Componentes y se refirió a Agosto Noble al Programa "Drug Court" y a la Administración de Servicios de Salud Mental y contra la Adicción (ASSMCA) para evaluación y confección de Informe de Cernimiento.

Así las cosas, el 9 de febrero de 2021, tras llegar a un acuerdo con el Ministerio Público, a través del cual se reclasificaron ambos delitos imputados al Art. 182 del Código Penal de 2012 y una pena de tres (3) años de probatoria, Agosto Noble se declaró culpable. Finalizado el proceso, se informó al tribunal que éste culminó evaluación en la ASSMCA, agencia que determinó que procedía tratamiento interno debido a su trastorno en consumo de sustancias controladas.

Durante la celebración la vista para dictar Resolución, a la cual comparecieron las partes, la señora Yanira Torres Carrasquillo, oficial de servicios alternos en recuperación del Programa *Drug Court* y encargada de la supervisión de Agosto Noble, comunicó que este fue evaluado por personal de la ASSMCA, quienes recomendaron una modalidad de tratamiento interno. Por tanto, Agosto Noble fue aceptado en Hogares Crea con ciertas condiciones.

Luego de confrontar problemas de adaptación, Agosto Noble abandonó el Hogar Crea, sin embargo, al cabo de múltiples incidentes procesales, se le brindó la oportunidad de ingresar al Residencial de Varones de ASSMCA a partir del 8 de septiembre de 2021. Más tarde, Agosto Noble fue arrestado nuevamente por violación de condiciones y fue ingresado por no existir un centro que

lo recibiera. Ante esta situación, el tribunal ordenó al Departamento de Corrección y Rehabilitación realizar una evaluación al amparo de la Ley de Salud Mental de Puerto Rico, Ley Núm. 408-2000.

Agosto Noble fue reubicado en distintos hogares de rehabilitación, como el *Salvation Army* y el Hogar Guara Bi, debido a sus problemas de adaptación. Lo anterior provocó que el tribunal ordenara a la Organización Movimiento Alcance Vida Independiente (MAVI) identificar los servicios que se le podían ofrecer a Agosto Noble con el fin de desarrollar destrezas de vida independiente. Además, se refirió el asunto a la DRIVI para que realizara una evaluación que confirmara o descartara la necesidad de servicios.[1]

El 4 de mayo de 2023, la Sociedad para Asistencia Legal (SAL), en representación de Agosto Noble, instó una moción mediante la cual hizo un recuento de los eventos transcurridos en el caso de autos. Solicitó al TPI una vista sobre estado de los procedimientos, con el objetivo de discutir con las distintas agencias concernidas la futura ubicación de Agosto Noble, según sus necesidades. En respuesta, el Tribunal ordenó a los representantes de la ASSMCA y el Departamento de Salud, evaluar a Agosto Noble para determinar su ubicación. Dichas agencias cumplieron con lo ordenado oportunamente y expresaron sus respectivas posturas.

El Departamento de Salud sometió un *Informe Integrado de Evaluación*, preparado por la doctora Alice Pérez Fernández y la trabajadora social Melissa Agosto Martínez. En esencia, informaron que Agosto Noble no cualificaba para recibir servicios de la DRIVI por su historial de uso de sustancias controladas. El referido Departamento sostuvo que Agosto Noble debía ser tratado bajo la ASSMCA.

---

[1] En marzo de 2023 se dictó Resolución mediante la cual se decretó el archivo de la querella de revocación de probatoria, debido a los buenos ajustes presentados por Agosto Noble en el Hogar Guara Bi.

Por su parte, la ASSMCA rindió un informe preparado por el Programa de Servicios Orientados a la Recuperación. En este se expuso que Agosto Noble fue evaluado por la trabajadora social Hilda Asencio Pérez y la coordinadora de servicios, Brunilda del C. Cintrón Benítez. En síntesis, concluyeron que el paciente tenía un diagnóstico de discapacidad intelectual, el cual lo excluía de participar en el aludido Programa, según el Manual de Recuperación de los Servicios Orientados a la Recuperación. Así, se recomendó que el Departamento de Salud le ofreciera los servicios a Agosto Noble.

Igualmente, el Departamento de Educación compareció y afirmó que el expediente escolar de Agosto Noble no estaba disponible debido al tiempo transcurrido. A su vez, sometió una *Certificación* acreditativa de que este fue admitido al Programa de Educación Especial con un diagnóstico de retardo mental leve o educable, junto a un documento que confirmó que Agosto Noble fue evaluado por un sicólogo.

A raíz de la controversia surgida sobre la futura ubicación de Agosto Noble, específicamente relacionada a si se validaba o descartaba el diagnóstico de discapacidad intelectual, el TPI ordenó a las agencias concernidas interpretar, con sus respectivos grupos interdisciplinarios, las evaluaciones y pruebas realizadas.

En cumplimiento con lo anterior, el 9 de agosto de 2023, ASSMCA presentó el *Informe Clínico de Salud Mental* y el *Informe el Área de Consejería en Rehabilitación*. Allí concluyó que el diagnóstico primario de Agosto Noble era el de discapacidad intelectual, y que, por ende, no podía atenderlo, toda vez que sus servicios se centran en la recuperación. La agencia hizo hincapié en que sus servicios no contemplaban la intervención terapéutica requerida por Agosto Noble.

Por su parte, el Departamento de Salud descartó el diagnóstico de discapacidad intelectual y reiteró que el diagnóstico primario de Agosto Noble es el uso de sustancias controladas y trastorno bipolar. Además, esbozó que, tras reunirse con personal de la ASSMCA no llegaron a un acuerdo en cuanto a cuál es la mejor ubicación que se le podía brindar a Agosto Noble. Añadió que el programa DRIVI no cubriría las necesidades que éste presentaba, más el nivel de cuidado sería muy restrictivo en relación con su rendimiento en el desempeño de las actividades de la vida diaria requerida para la autonomía personal y social.

Llegado a este punto, el 25 de septiembre de 2023 y 2 de octubre de 2023, se celebró una vista evidenciara para dilucidar la controversia sobre el diagnóstico bajo el cual se ubicaría a Agosto Noble en un futuro. En esta audiencia se presentó prueba documental y, en lo pertinente, la siguiente prueba pericial testifical por parte del Departamento de Salud: doctora Alice Pérez Fernández, psicóloga clínica y escolar y la señora Melissa Agosto Martínez, evaluadora y consultora del área de trabajo social en la sección de Servicios de Adulto con Discapacidad Mental. Por parte de la ASSMCA: el doctor José Emilio Santos Rodríguez, psicólogo clínico; el doctor Reynaldo Rodríguez Llauger, médico con especialidad en neurología, siquiatría y neurofisiología clínica; la doctora Claimy J. Ramírez Díaz, psicóloga y la señora Maribel Román Santiago, consejera y licenciada en rehabilitación.

Así las cosas, luego de un análisis del historial familiar de Agosto Noble y aquilatada la prueba documental y testifical, el foro *a quo* determinó que, ante las circunstancias y testimonios presentados en la vista evidenciaria, resultaba ineludible concluir que Agosto Noble padece de discapacidad intelectual en su modalidad leve. El tribunal resaltó la importancia del testimonio pericial en los procesos judiciales y expresó que, de la prueba

documental presentada, el Departamento de Educación certificó que Agosto Noble fue participante del Programa de Educación Especial bajo el impedimento de problemas de retardo mental leve o educable. En consecuencia, al palio de las Reglas 902 y 1005 de Evidencia, otorgó entero crédito al diagnóstico de discapacidad intelectual incluido en el documento sometido por el Departamento de Educación. Razonó que dicho certificado evidencia que la condición de discapacidad intelectual de Agosto Noble se remonta a su niñez.

Asimismo, el TPI determinó que el Departamento de Salud no destruyó, mediante la prueba requerida, la presunción de corrección que le cobija a los documentos públicos como el del Departamento de Educación. Concluyó que Agosto Noble estaría mejor servido en el Programa DRIVI adscrito al Departamento de Salud. Expresó que la decisión arribada, la cual se ciñó en la justicia terapéutica, además se sostenía en la inviolabilidad del ser humano, en la igualdad de todos los seres humanos y en los preceptos generales de la Carta de Derechos de las Personas con Impedimentos. En consecuencia, decretó que Agosto Noble debía cumplir su probatoria en el Programa DRIVI, esto el propósito de poner punto final a la divergencia de criterios exhibida por parte de las agencias de Gobierno con relación a su diagnóstico. Con lo anterior, el tribunal centró su atención en optimismo en la rehabilitación de Agosto Noble.

Por último, el foro de instancia ordenó ubicar a Agosto Noble en el Programa de Rehabilitación de la División de Rehabilitación Integral y Vida Independiente, Sección de Servicios a Personas Adultas con Discapacidad Intelectual adscrito al Departamento de Salud de Puerto Rico. Añadió que se debía trasladar de manera inmediata a un Centro Transicional del Programa para que se

evaluara, según las necesidades, su futura ubicación bajo la supervisión del mencionado Programa.

A tales efectos, el Tribunal le concedió 10 días al Departamento de Salud para informar la ubicación, según el nivel de severidad, capacitación, cuidado físico y mental, así como los servicios diseñados de manera que Agosto Noble pudiera desarrollar destrezas habilitativas y de integración social en cumplimiento con la Ley Orgánica que cobija al Departamento de Salud. Además, expuso que la ASSMCA continuaría proveyendo los servicios necesarios enfocados en la recuperación y la reducción de la reincidencia criminal relacionada al consumo de sustancias controladas de Agosto Noble.

En desacuerdo, el Departamento de Salud incoó una *Moción en Solicitud de Reconsideración*. En esta, arguyó que se le responsabilizó a un paciente con historial delictivo, un reconocido historial de uso de sustancias controladas e historial de abandono de los servicios de desvío anteriormente. Resaltó que no tenía los servicios adecuados para proveer a Agosto Noble y que la decisión del tribunal pondría en riesgo la salud y seguridad de participantes de la SSPADI, al tiempo que se le violaría los derechos a Agosto Noble por ser ubicado en una facilidad no adecuada a sus necesidades. El 15 de noviembre de 2023, el TPI emitió una *Resolución*, por medio de la cual declaró *No Ha Lugar* la solicitud de reconsideración.

Aun inconforme, el 14 de diciembre de 2023, el Departamento de Salud presentó el recurso que nos ocupa. En este le imputa al foro *a quo* la comisión de los siguientes errores:

> **Primer error**: Erró el TPI al entender que el Informe Integrado de Evaluación y Determinación de Servicios presentado por el Departamento de Salud no derrotó la presunción de corrección del Certificado del Departamento de Educación que establece que a los 9 años el Sr. Jomar Agosto Noble fue participante del Programa de Educación Especial bajo el impedimento de Problemas de Retardo Mental leve o educable.

**Segundo error**: Erró el TPI al Determinar y Ordenar ubicar al Sr. Jomar Agosto Noble en el Programa de Rehabilitación de la División de Rehabilitación Integral y Vida Independiente, Sección de Servicios a Personas Adultas con Discapacidad Intelectual adscrito al Departamento de Salud, cuando el señor Agosto Noble no cumple con los criterios para ser atendido en dicha división.

**Tercer error**: Erró el TPI al darle entera credibilidad al Certificado del Departamento de Educación por este ser un documento público cuando el Departamento de Salud rebatió su presunción de corrección y es de igual forma un documento público que merece credibilidad.

Junto a su recurso, el Departamento de Salud incluyó una moción en auxilio de jurisdicción. Solicitó que paralizáramos la vista ante el TPI pautada para el viernes, 22 de diciembre de 2023, hasta tanto nos expresáramos en torno a la petición de *certiorari*. A tales efectos, el 18 de diciembre de 2023 emitimos una *Resolución*, mediante la cual declinamos la solicitud de paralización de los procedimientos ante el TPI.

El 18 de diciembre de 2023, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General y Agosto Nobel, representado por la Sociedad para Asistencia Legal (SAL), respectivamente, presentaron sus alegatos y solicitaron la desestimación del recurso de epígrafe. Ese mismo día la ASSMCA instó su posición en cuanto al recurso de referencia.

Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

II.

A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023; *León v.*

*Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[2]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró,* 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

---

[2] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

III.

En la presente causa, el Departamento de Salud esencialmente alega que el TPI incurrió en error manifiesto al dictar el pronunciamiento recurrido, fundamentándose en el documento público aportado por la ASSMCA, entiéndase, una *Certificación* emitida por el Departamento de Educación que evidenció la participación de Agosto Noble en el Programa de Educación Especial cuando este tenía nueve (9) años. Esboza que dicha certificación es una *proforma*, que no incluyó el método científico que utilizó el profesional que evaluó a Agosto Noble en aquel entonces. En ese sentido, entiende que ello fue rebatido con prueba pericial que concluyó que Agosto Noble no tiene discapacidad intelectual, por lo que no cumple con los requisitos para ser admitido en la Sección de

Servicios a Personas Adultas con Discapacidad Intelectual del Departamento de Salud.

Específicamente, el Departamento de Salud arguye que no existen factores que justifiquen la reubicación de Agosto Noble y que este debe continuar bajo la supervisión de la ASSMCA, tal y como lo ha hecho hasta el momento. Aduce que tal reubicación no cubriría sus necesidades y el nivel de cuidado sería muy restrictivo en relación con su rendimiento en el desempeño de las actividades de la vida diaria requeridas para la autonomía personal y social. Puntualiza que, utilizando las evaluaciones efectuadas por el equipo interdisciplinario y las diferentes agencias que le brindaron servicios a Agosto Noble, nunca se identificó la existencia de un diagnóstico de discapacidad intelectual, ni se refirió para evaluación a esos fines. Destaca que, por el contrario, este amerita continuar recibiendo servicios dirigidos a las manifestaciones conductuales que presenta por sus trastornos de salud mental y dependencia a sustancias controladas. Es su contención que, al Agosto Noble tornarse de difícil manejo bajo la supervisión de la ASSMCA, dicha agencia levantó bandera y ahora alega que no puede continuar brindándole los servicios por su diagnóstico de discapacidad intelectual.

Por su parte, la ASSMCA está conforme el dictamen recurrido, pues entiende que Agosto Noble debe ser tratado bajo el Programa de DRIVI del Departamento de Salud, donde podrán asistirle en sus limitaciones adaptativas. Niega que las dificultades que enfrenta Agosto Noble sean producto del abuso de sustancias controladas. De otro lado, el Pueblo de Puerto Rico, representado por el Procurador General, coincide en que Agosto Noble debe ser trasladado a un Centro Transicional del Programa de DRIVI. Razona que la determinación recurrida refleja un ejercicio ponderado que se fundó en la totalidad de la prueba que cada una de las partes aportó

y que la *Certificación* emitida por el Departamento de Educación solo fue uno de los múltiples factores y documentos que el tribunal recurrido tomó en consideración al momento de emitir su dictamen. Por último, Agosto Noble, representado por la SAL, está de acuerdo con la decisión tomada por el foro *a quo.*

Realizado un ponderado y sosegado análisis del expediente, a la luz de la totalidad de las circunstancias y ante los hechos particulares del caso, procede denegar la expedición del auto de *certiorari* solicitado. El expediente revela una aguda divergencia de criterio entre el Departamento de Salud y la ASSMCA, respecto al diagnóstico primario de Agosto Noble, el cual repercute directamente en qué agencia debe proveerle servicios de ubicación y tratamiento.

Enfrentado a dicha controversia, el TPI tomó una decisión informada y razonable luego de una extensa vista evidenciaria que duró dos (2) días, en la cual aquilató amplia prueba pericial testifical y documental. Es decir, la determinación recurrida no se basó exclusivamente en la *Certificación* suscrita por el Departamento de Educación, sino que este documento fue uno de los múltiples factores que el tribunal tuvo oportunidad de justipreciar y así dictar una *Resolución y Orden* cimentada en la justicia terapéutica, con el objetivo de darle valor a los derechos y dignidad de Agosto Noble. Es claro que el pronunciamiento impugnado no fue arbitrario.

Por todo lo antes expuesto, y acorde con las circunstancias particulares del presente caso, resolvemos que el TPI no abusó de su discreción al ordenar la ubicación inmediata de Agosto Noble en el Departamento de Salud para que dicha agencia le brinde sus servicios.

IV.

Por las consideraciones que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Se declaran *No Ha Lugar* las solicitudes de desestimación presentadas por Agosto Noble y el Pueblo de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico.

Notifíquese **inmediatamente** a las partes.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones